# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

      v.

BIN LUO

**CRIMINAL COMPLAINT:**

CASE NUMBER 15 - 0079 TJS

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. In or about December 2014 and January 2015, in Cecil County, in the Judicial District of Maryland and elsewhere, the defendant did knowingly and intentionally participate in a wire fraud in violation of 18 U.S.C. section 1343.

I further state that I am a Task Force Officer with Homeland Security Investigations and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet and made a part hereof:    X   Yes         No

_____

Robert J. Gerace
Task Force Officer
Homeland Security Investigations

Sworn to before me and subscribed in my presence,

January 20, 2015, __(2:11) pm__ at Baltimore, Maryland.
Date and Time Issued

Honorable Timothy J. Sullivan
United States Magistrate Judge

_____
Signature of Judicial Officer

**15-0078TJS** . **15-0079TJS**

## AFFIDAVIT

### I.   Purpose of the Affidavit

This affidavit is respectfully submitted in support of a criminal complaint and arrest warrants charging **Bao Xion ZHENG and Bin LUO** with knowingly committing wire fraud in violation of 18 U.S.C. § 1343.

### II. Affiant

Your Affiant, Task Force Officer Robert Gerace, is a Detective with the Baltimore Police Department (BPD) in Baltimore, Maryland, and is also currently a duly certified Task Force Officer with the United States Department of Homeland Security - Homeland Security Investigations (HSI), formerly United States Immigration and Customs Enforcement (ICE). As a Task Force Officer with HSI and a Detective with the BPD, your Affiant has personally conducted and participated in investigations that involved wire fraud and money laundering, among other offenses.

### III. Applicable Statute

#### Title 18 U.S.C. § 1343 (Wire Fraud)

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall [have committed an offense].

### IV. Probable Cause

Your Affiant has participated in the investigation of the facts and circumstances outlined in this affidavit, and has also

1

15-0078TJS   15-0079TJS

reviewed reports made to me by other agents and officers of HSI, Alcohol and Tobacco Tax and Trade Bureau (TTB), Bureau of Alcohol, Tobacco and Firearms (ATF), Internal Revenue Service (IRS), New York State Tax Criminal Investigations Division (NYSTCID), other law enforcement authorities, and from sources as indicated herein. This is a summary that is not meant to include each and every fact known to me.

Beginning in July 2011, the HSI Office of the Special Agent in Charge, Baltimore, Maryland, initiated an investigation into the smuggling of liquor from Cecil County, Maryland, to New York. A number of confidential informants (CIs), who personally participated in the sale of liquor to the smugglers over the past few years, have provided information over the past months.

Those informants stated that a number of individuals in New York routinely contacted retail liquor stores in Cecil County and ordered large quantities of liquor by telephone, email, or faxes sent from New York to Maryland. The liquor distributors then sent salesmen to the liquor stores and the salesmen filled the orders.

The smugglers from New York would then drive vans or trucks from New York to Cecil County, pay cash to the liquor store managers, load the cases of liquor into the vans or trucks, and drive back to New York where the liquor was sold without paying the New York taxes.

During the course of this investigation, your Affiant and other surveillance agents saw a number of vans and trucks bearing New York and New Jersey license plates arriving almost daily at a

15-0078TJS   15-0079TJS

number of Cecil County liquor stores.  Agents frequently observed cases of liquor being loaded into the vans or trucks, literally through the back doors of the stores.  Agents then followed a number of these same vans and trucks as they headed up I-95 towards New York.  Police stopped a number of these vehicles and confirmed that they were loaded with cases of liquor.

New York authorities followed a number of these vans and trucks and confirmed that liquor retailers in and around New York City were selling the liquor without paying New York State and City taxes.

Your Affiant knows from my training and experience that criminals often profit by purchasing distilled spirits at lower tax rates in one state and then transporting the distilled spirits for sale in a state with a higher tax rate.  Your Affiant knows that the state excise tax rate in Maryland for distilled spirits is $1.50 per gallon, and that the rate in the state of New York is $6.44 per gallon with an additional tax rate of $1.00 per gallon for the City of New York.  Thus, the purchase of liquor in Maryland for sale in New York caused the defrauding of New York of the tax amounts that were due and owing for products sold in New York. Because the orders for liquor were placed by telephone, text, email, and fax from New York to Maryland, the fraud, as outlined above, was committed by wire in violation of 18 U.S.C. § 1343.

In July 2014, a number of the informants mentioned above (CIs) stated that liquor smugglers from New York were in frequent contact with Vlamis Liquors in Cecil County in an ongoing effort to order

liquor from Maryland. Based on personal observations, the CIs are familiar with the process of illegal liquor sales to smugglers from New York.

According to the CIs, on one such recent contact, an individual identified by the CIs as **Bin LUO**, also known as "Chen," exchanged emails from New York on and around December 17, 2014, and arranged with an employee of Vlamis Liquors to order approximately 62 cases of liquor. Your Affiant has previously observed both LUO and an individual identified as **Bao Xion ZHENG**, purchasing bulk quantities of liquor at Vlamis Liquors. Your Affiant has also observed **LUO and ZHENG** unloading cases of liquor into BAO Liquors, which is a retail liquor store owned by **ZHENG** that is located in Queens, New York.

According to the CIs, **LUO and ZHENG** bring cash from New York to pay for the liquor at Vlamis Liquors. **LUO** made arrangements to pick the 62 cases up at Vlamis Liquors in Cecil County on Wednesday, December 17, 2014.

On Wednesday, December 17, 2014, **LUO and ZHENG** arrived at Vlamis Liquors in a 2011 Chevrolet Suburban that the two subjects frequently operate. LUO paid the employee of Vlamis Liquors approximately $9,386 in cash and accepted delivery of the 62 cases. **LUO and ZHENG** then loaded the liquor into the 2011 Chevrolet Suburban, concealed the load with blankets and sheets, and returned to New York. According to the CIs, **LUO and ZHENG** are expected to return to Vlamis Liquors in January 2015 for more liquor.

4

15-0078TJS    15-0079TJS

## V.    Conclusion

Based on the foregoing, your Affiant respectfully submits that there is probable cause to believe that, during at least December 2014, **Bin LUO and Bao Xion ZHENG** did knowingly devise a scheme to defraud the State and City of New York of excise taxes due on liquor to be sold in the State and City of New York, and as part of the scheme to defraud did transmit and cause to be transmitted signals and sounds by wire in interstate commerce to Maryland for the purpose of executing that scheme to defraud.

_____
Robert J. Gerace
Task Force Officer
Homeland Security Investigations

Subscribed and sworn before me on January 20, 2015.

_____
Timothy J. Sullivan
United States Magistrate Judge